**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| CONTINENTAL CEMENT COMPANY, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> LINWOOD MINING AND MINERALS CORP., CARMEUSE MIDWEST, LLC, AMSCO, INC., and LAFARGE NORTH AMERICA INC., <br><br> Defendants. | Case No. 3:24-CV-00015-RGE-HCA <br><br><br><br> **MARCH 26, 2026** <br> **JOINT STATUS REPORT** |

Pursuant to the Court's Order dated November 27, 2024 (ECF No. 49), Plaintiff Continental Cement Company, L.L.C. ("Plaintiff"), Defendants Linwood Mining and Minerals Corp. ("Linwood"), Carmeuse Midwest, LLC ("Carmeuse"), and AMSCO, Inc. ("AMSCO") (together, the "Linwood Defendants"), and Defendant Lafarge North America Inc. ("Lafarge") (collectively, the "Parties") submit the following Joint Status Report.

I.    **Status of Case**

   a.   **Fact Discovery**

By agreement and pursuant to Fed. R. Civ. P. 34(a)(2), the Parties conducted site inspections of the Continental and Linwood properties on January 19, 2026. Outside counsel and litigation experts participated in the site inspections.

Written discovery and document production continues to move forward. On October 4, 2025, Carmeuse produced an additional 166,748 documents, and, on November 7, 2025, Linwood responded to Lafarge's Requests for Production and Interrogatories.

On January 6, 2026, Continental served Requests for Production and Interrogatories on AMSCO. AMSCO responded and produced a document on February 20, 2026. On January 9th and 28th, 2026, Continental produced 12,612 documents.

On February 6, 2026, Lafarge and Continental served discovery on each other. On March 9, 2026, Continental responded to Lafarge's discovery requests and produced an additional 264 documents. Lafarge will respond to Continentals' requests on or before April 9, 2026.

Lafarge and Continental have filed several Notices of Intent to Serve Document Subpoenas and are in the process of serving the subpoenas on various third-parties that provided engineering and/or environmental consulting services at the properties at issue.

To date, the Parties have successfully met and conferred to resolve any discovery disputes.

## II.    Issues to Discuss with the Court

Because the pleadings between all Parties are now set and the Parties have conducted the site inspections described above, the Parties met and conferred multiple times in February and March 2026 to discuss scheduling and whether modifications need to be made to the Scheduling and Trial Setting Order dated August 28, 2025 (Doc. 143). The Parties agree that there is good cause to modify existing deadlines in the August 28, 2025 Scheduling and Trial Setting Order to address all the claims at issue in the case.  For example, the Parties agree that the current June 29, 2026 deadline for completing fact discovery should be extended to December 31, 2026, and the Parties agree that the current deadlines for expert disclosures and discovery should be modified. However, the Parties do not agree on bifurcation or how the expert disclosures and discovery

deadlines in the Scheduling and Trial Setting Order should be sequenced. The Parties wish to discuss these issues with the Court at the upcoming Status Conference on Monday, March 30, 2026, at 10:00 a.m.

### a. Plaintiff's Proposed Amended Pretrial Schedule

Preliminarily, all Parties agree that the close of fact discovery should be extended to December 31, 2026.

With respect to expert discovery, Plaintiff takes the position that expert discovery should proceed with one round of written expert reports followed by expert depositions. Defendants take the position that expert discovery should be bifurcated into "liability" and "allocation" phases, meaning there would be two rounds of expert reports and depositions. Plaintiff strongly disagrees with Defendants. Bifurcation is unnecessary in this case – which has a limited number of parties as compared to the traditional CERCLA case – resulting in unneeded inefficiency and delay.

Plaintiff understands Defendants' position to be that their allocation experts need the complete "technical record"—including expert opinions on groundwater flow, fate and transport, fingerprinting, etc. (i.e., liability opinions)—before finalizing their allocation opinions. Plaintiff disagrees with this position for two reasons. First, the "technical record" is the collection of documents and information disclosed during fact discovery, which will be considered by the experts, as needed, to form their opinions. Plaintiff has agreed to an additional 6-months to complete fact discovery; this gives the Parties adequate time to develop their expert opinions on both liability and allocation during fact discovery. Second, under either Plaintiff's version or Defendants' version of the Proposed Amended Pretrial Schedule, Plaintiff will provide its written expert report(s) first. Defendants will have adequate time to review those opinions (liability and allocation) and respond as necessary.

In support of its position, Plaintiff notes that a primary goal of the CERCLA cost-recovery framework is to "encourage timely cleanup of hazardous waste sites." *Control Data Corp. v. S.C.S.C. Corp.,* 53 F.3d 930, 935 (8th Cir. 1995). Under Defendants' proposal, trial will almost certainly be delayed until 2029 (five years after the case was filed). This delay is not needed as, "[g]enerally, there is little doubt about liability under CERCLA," because "statutory defenses are quite narrow and because the act does not set a minimum threshold for liability." *United States v. Dravo Corp.*, No. 8:01-CV-500, 2002 WL 1832274 at *4 (D. Neb. Mar. 6, 2002). Because liability is likely to be established, postponing allocation-related discovery *until* liability is established precludes an expeditious resolution. *Id.*; *Elf Atochem N. Am., Inc. v. United States*, 161 F.R.D. 35 (E.D. Pa. 1995). Further, much of the same testimony and evidence will be introduced during both the liability and allocation phases, making bifurcation a wasteful and burdensome exercise. "The separation of the issues in this case would not be in the interests of justice, would not promote convenience, and would not serve to expedite the proceedings in any conceivable way." *Id.* at *5. Plaintiff opposes bifurcation of expert discovery because "the longer the final judgment is postponed in this case, the more [Plaintiff] is prejudiced." *Elf Atochem*, 161 F.R.D. at 35.

Finally, while Plaintiff acknowledges that bifurcating between liability and allocation phases may make sense at trial, that is a trial management issue that need not dictate how discovery proceeds.

With respect to the discussions between the parties concerning modifications to the Scheduling and Trial Setting Order, on March 11, 2026, Plaintiff notified Defendants of its position in writing by circulating a version of the schedule that rejected Defendants' proposal to bifurcate liability expert discovery and allocation expert discovery, and that also rejected the bifurcation of expert discovery between Parties (i.e., Continental vs. Defendants, and Linwood Defendants vs.

Lafarge Defendant). Plaintiff explained its position when the parties met and conferred on March 11, but, at Defendants' request, agreed to consider a revised draft contemplating bifurcation of expert discovery between liability and allocation phases that shortened the timeline and did not tie the start of expert discovery on allocation to a Court ruling on liability. Defendants circulated an updated draft reflecting those changes on March 23, 2026, which Plaintiff's counsel discussed with Plaintiff. When the Parties met and conferred on March 24, Plaintiff's counsel again stated that Plaintiff did not agree to bifurcation of expert discovery between liability and allocation phases for the reasons of inefficiency and delay. At Defendants' request, Plaintiff's counsel again agreed to discuss the issue with Plaintiff because they had received more information clarifying Defendants' position. Plaintiff's counsel provided the information to Plaintiff and Plaintiff said no for the same reasons of inefficiency and delay. This message was conveyed to Defendants on March 25.

Plaintiff's proposed Amended Pretrial Schedule is set forth below in the right-hand table. The current deadlines in the Scheduling and Trial Setting Order (Doc. 143) are in the left-hand column for comparison purposes.

| Event/Activity | Current Deadline (Dkt. No. 143) | Event/Activity | Continental's Proposed Deadline |
|---|---|---|---|
| Fact Discovery Completed | June 29, 2026 | Fact Discovery Completed | December 31, 2026 |
| Continental discloses expert reports | October 30, 2026 | Continental discloses expert reports in support of all claims against all Defendants | April 1, 2027 |
| Linwood Defendants and Lafarge complete depositions of Continental's experts | December 18, 2026 | | (See March 1, 2028 deadline below) |

| Event/Activity | Current Deadline (Dkt. No. 143) | Event/Activity | Continental's Proposed Deadline |
|---|---|---|---|
| Linwood Defendants and Lafarge disclose expert reports | February 12, 2027 | Defendants' disclose expert reports in response to Continental's April 1, 2027 expert reports<br><br>Linwood Defendants' disclose expert reports against Lafarge and Lafarge discloses expert reports against Linwood Defendants | July 1, 2027 (90 days after April 1 reports) |
| Depositions of Linwood and Lafarge experts completed | April 2, 2027 | | |
| | | Continental discloses expert rebuttal reports in response to Defendants' July 1, 2027 response reports | September 1, 2027 (60 days after July 1 reports) |
| | | Defendants' disclose expert reports in response to each other's July 1, 2027 expert reports | (60 days after July 1 reports)[1] |
| Continental and Lafarge disclose expert rebuttal reports | May 7, 2027 | Defendants disclose expert rebuttal reports in response to Defendants' September 1, 2027 reports | October 1, 2027 (30 days after July 1 reports) |

[1] Because the Defendants' claims and counterclaims against one another are limited to CERCLA Section 113 contribution, Plaintiff believes a shorter time period for response and rebuttal reports is reasonable given the significant factual overlap between Plaintiff's CERCLA claims against the Linwood Defendants and Lafarge (and their CERCLA counterclaims against Plaintiff) and the Defendants' claims against one another.

| Event/Activity | Current Deadline (Dkt. No. 143) | Event/Activity | Continental's Proposed Deadline |
|---|---|---|---|
| Depositions of Continental and Lafarge rebuttal experts completed | June 18, 2027 | | |
| Linwood Defendants disclose expert rebuttal reports | July 23, 2027 | | |
| Depositions of Linwood Defendants rebuttal experts completed | September 3, 2027 | | |
| Lafarge disclosure of rebuttal reports for claims/defenses against Linwood Defendants | October 8, 2027 | | |
| | | Expert Depositions begin | October 15, 2027 |
| Depositions of these experts completed | November 19, 2027 | Depositions of all experts completed | March 15, 2028 (5 months) |
| Expert Discovery Completed | November 19, 2027 | Expert Discovery Completed | March 15, 2028 |
| Deadline for Dispositive Motions | March 31, 2028 | Deadline for Dispositive Motions | May 1, 2028 (60 days) |

Plaintiffs respectfully request the Court amend the Scheduling and Trial Setting Order consistent with the timeline proposed above.

### b. Defendants' Proposed Pretrial Schedule

All parties agree the current deadline for fact discovery should be extended to December 31, 2026. However, Continental and Defendants have not been able to reach an agreement on the pretrial schedule for expert disclosures. Continental contends liability and allocation expert disclosures should take place simultaneously – arguing that postponing any allocation-related discovery until liability is established would unnecessarily delay the progress of this litigation and cause prejudice to Continental. Defendants contend liability issues must be determined before the

disclosure of expert allocation reports because a party's CERCLA liability status is a necessary, statutory precondition for allocating response costs in CERCLA contribution actions. The following discussion demonstrates why the Court should adopt Defendants' proposed schedule for expert disclosures, and why Continental's position is unsupported by the record, CERCLA's plain language, and controlling authority from the Eighth Circuit Court of Appeals.

Continental has asserted a "bona fide prospective purchaser" affirmative defense to each of the Defendants' CERCLA contribution counterclaims. *See* Continental's Answer to Linwood's CERCLA Counterclaim (Dkt. No. 118, Affirmative Defense No. 18); Continental's Answer to Carmeuse's CERCLA Counterclaim (Dkt. No. 119, Affirmative Defense No. 18); Continental's Answer to AMSCO's CERCLA Counterclaim (Dkt. No. 120, Affirmative Defense No. 18); and Continental's Answer to Lafarge's CERCLA Counterclaims (Dkt. No. 157, Affirmative Defense No. 25). Defendants do not concede that Continental qualifies as a "bona fide prospective purchaser" or that Continental is otherwise entitled to the protections afforded by that affirmative defense to CERCLA liability. On the contrary, Defendants intend to prove that Continental is not entitled to bona fide prospective purchaser status so Continental is a potentially responsible party ("PRP") within the meaning of CERCLA § 107(a). *See* 42 U.S.C. 9607(a).

This issue (*i.e.*, Continental's CERCLA liability status) lies at the heart of the parties' present dispute regarding the sequencing of expert disclosures. On the record before this Court, Continental's proposed schedule for expert disclosures cannot be reconciled with CERCLA's express language governing allocation of response costs. *See* 42 U.S.C. § 9613(f)(1). Each Defendant has asserted a CERCLA contribution claim against Continental under CERCLA § 113. That section of the statute states that:

> "In resolving contribution claims, the court may allocate response costs among *liable* parties using such equitable factors as the court determines are appropriate."

42 U.S.C. § 9613(f)(1) (emphasis added).  As explained above, Continental has asserted a "bona fide prospective purchaser" affirmative defense to each Defendant's CERCLA contribution claim. If Continental successfully proves it is entitled to the protections afforded to a "bona fide prospective purchaser," then Continental may argue it cannot be included in the group of "liable parties" to whom the Court may allocate the response costs at issue in this case.  *Von Duprin LLC v. Major Holdings, LLC*, 12 4th 751, 769 (7th Cir. 2021) (recognizing that the bona fide prospective purchaser defense provides a defense to CERCLA liability).

Put simply, before this Court can perform its statutory obligation to allocate response costs between "liable parties," it must first determine which parties have CERCLA liability in this case. *See, e.g., Kalamazoo River Study Group v. Menasha Corp.*, 228 F.3d 648, 653 (6th Cir. 2000) ("… liability under § 113 is not joint and several, but several only…the provision grants the district court discretion to allocate response costs among liable parties.").  As the Eighth Circuit has noted:

> "We begin our discussion, as we must, with the language of the statute.  ***Recovery of response costs by a private party under CERCLA is a two-step process***…Once liability is established, the focus shifts to allocation…Allocation is a contribution claim controlled by 42 U.S.C. § 9613(f)…In resolving contribution claims, the court may allocate response costs ***among liable parties*** using such equitable factors as the court determines are appropriate…."

*Control Data Corp. v. S.C.S.C. Corp.*, 53 F.3d 930, 934-35 (8th Cir. 1995) (emphasis added).

Consistent with the requirements of CERCLA § 113 and authority from this Circuit, Defendants propose the following schedule for sequencing expert disclosures and recognizing that Continental's attempt to recover response costs from Defendants is necessarily a "two-step process." *Control Data Corp.*, 53 F.3d at 934-35.

| Event/Activity | Current Deadline | | Event/Activity | Defendants' Proposed Deadline |
|---|---|---|---|---|

9

| | (Dkt. No. 143) | | |
|---|---|---|---|
| Fact Discovery Completed | June 29, 2026 | Fact Discovery Completed | December 31, 2026 |
| | | Parties disclose general subject matter of expert reports. | February 15, 2027 |
| Continental discloses expert reports | October 30, 2026 | Continental's expert reports in support of all claims against all Defendants regarding liability | March 1, 2027 |
| Linwood Defendants and Lafarge complete depositions of Continental's experts | December 18, 2026 | Defendants' expert reports in response to Continental's March 1, 2027 Expert Reports and Linwood Defendants' expert reports against Lafarge and Lafarge's expert reports against Linwood Defendants regarding liability | June 1, 2027 (90 days) |
| | | Continental's expert rebuttal reports in response to Defendants' June 1, 2027 Response Reports | August 1, 2027 (60 days after June 1 reports) |
| Linwood Defendants and Lafarge disclose expert reports | February 12, 2027 | Linwood Defendants' and Lafarge's reports in response to reports covering "Defendant-Defendant" claims | September 1, 2027 (90 days after June 1 reports) |
| Depositions of Linwood and Lafarge experts completed | April 2, 2027 | Linwood Defendants' and Lafarge's expert rebuttal reports in response to September 1, 2027 reports | Nov. 1, 2027 (60 days) |
| Continental and Lafarge disclose expert rebuttal reports | May 7, 2027 | Liability expert depositions begin | Nov. 1, 2027 |
| Depositions of Continental and Lafarge rebuttal | June 18, 2027 | Depositions of all liability experts completed | March 1, 2028 (4 months of depositions) |

| | | | |
|---|---|---|---|
| experts completed | | | |
| | | Linwood Defendants' and Lafarge's expert rebuttal reports in response to September 1, 2027 reports | March 31, 2028 |
| | | Trial and/or summary judgment on liability. | |
| Linwood Defendants disclose expert rebuttal reports | July 23, 2027 | All parties disclose allocation expert reports | 60 days after Court issues Order determining liability issues |
| Depositions of Linwood Defendants rebuttal experts completed | September 3, 2027 | All parties disclose responses to opening allocation expert reports. | 60 days after disclosure of opening allocation expert reports |
| Lafarge disclosure of rebuttal reports for claims/defenses against Linwood Defendants | October 8, 2027 | Depositions of allocation experts completed | 60 days after disclosure of expert allocation response reports |
| | | | |
| Depositions of these experts completed | November 19, 2027 | | |
| Expert Discovery Completed | November 19, 2027 | | |
| Deadline for Dispositive Motions | March 31, 2028 | | |

Defendants' position on the sequencing of expert disclosures is consistent with CERCLA's directive on how CERCLA allocation must be performed by courts. Defendants agree that fact discovery related to liability and allocation issues can proceed at the same time. However, Defendants seek to bifurcate liability and allocation proceedings (which necessitates the sequencing of expert liability disclosures and expert allocation disclosures) and this is consistent

with the fact that "Courts 'generally bifurcate a CERCLA proceeding, determining liability in Phase I, and then apportioning recovery in Phase II.'" *Cooper Crouse-Hinds, LLC v. City of Syracuse, New York*, 568 F.Supp.3d 205, 224 (N.D.N.Y. 2021), *citing Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 131 (2d Cir. 2010). Because the parties' expert reports on allocation will be offered to assist this court's equitable allocation of response costs, it makes no sense for the allocation experts to issue expert reports on how response costs should be allocated "among liable parties" before the court has determined who those parties are. *See* 42 U.S.C. § 9613(f)(1).

Despite the fact that Continental initiated this litigation more than two years ago, the parties and pleadings in this case were not finalized until February 2, 2026. Dkt. No. 157. Throughout February and March, the parties engaged in multiple meet and confer communications to discuss a potential agreement on a revised, pretrial schedule proposal for the Court's consideration. The last meeting between the parties took place on Tuesday, March 24 and on Wednesday, March 25, Continental informed Defendants that Continental would submit its own proposal for an amended pretrial schedule in the parties' March 26 Joint Status Report. Although Defendants will be prepared to address these matters during the March 30 Status Conference, Defendants received notice of Continental's separate pretrial schedule proposal the day before this Joint Status Report was due. Therefore, Defendants respectfully request leave to file a motion in support of their proposed pretrial schedule and will likewise be prepared to discuss the timing of such motion during the Status Conference.

Dated: March 26, 2026

**FOR PLAINTIFF:**

*/s/ Sarah L. Struby*

Stephen E. Schemenauer IA# AT0014404
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
steve.schemenauer@stinson.com

Sarah L. Struby, admitted *pro hac vice*
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
Telephone: (573) 636-6263
Fax: (573) 636-6231
sarah.struby@stinson.com

Betsy C. Moedritzer, admitted *pro hac vice*
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 412-9307
betsy.moedritzer@stinson.com

**FOR THE LINWOOD DEFENDANTS:**

*/s/ Nicholas F. Miller*

Matthew S. Brick (AT0001081)
Erin M. Clanton (AT0002592)
Nicholas F. Miller (AT0015361)
BRICK GENTRY, P.C.
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
Phone: 515-446-3441
Fax: 515-274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

**FOR LAFARGE:**

*/s/ Paula Jantzen*

Matthew M. Enenbach, AT0012613
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102-2103
Phone: (402) 346-6000
Facsimile: (402) 346-1148
Matthew.Enenbach@KutakRock.com

Marcus P. Zelzer, AT0014571
Kutak Rock LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4018
Phone: (612) 334-5000
Facsimile: (612) 334-5050
Marcus.Zelzer@KutakRock.com

Paula Jantzen, admitted *pro hac vice*
Stephen Jantzen, admitted *pro hac vice*
Laura Finley, admitted *pro hac vice*
Grant Lucky, admitted *pro hac vice*
Ryan Whaley PLLP
400 N. Walnut Avenue
Oklahoma City, OK  73104

13

Phone: (405) 239-6040
Facsimile: (405) 239-6766
pjantzen@ryanwhaley.com
sjantzen@ryanwhaley.com
lfinley@ryanwhaley.com
glucky@ryanwhaley.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, a true and correct copy of the foregoing was filed electronically to the Clerk of Court via the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Sarah L. Struby*
Sarah L. Struby