IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

CONTINENTAL CEMENT COMPANY,
L.L.C.,

       Plaintiff,

vs.

LINWOOD MINING AND MINERALS
CORP.;  CARMEUSE MIDWEST, LLC;
AMSCO, INC.;  and LAFARGE NORTH
AMERICA INC.,

       Defendants.

3:24-cv-00015-RGE-HCA

ORDER GRANTING IN PART MOTION TO
AMEND SCHEDULING ORDER

In this Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") case, Plaintiff Continental Cement Company, LLC, ("Continental") filed a Motion to Amend Scheduling and Trial Setting Order, requesting extensions of the fact and expert discovery deadlines. ECF No. 169. Defendants Linwood Mining and Minerals Corp., Carmeuse Midwest, LLC, and AMSCO, Inc. (collectively "Linwood") filed a resistance, ECF No. 171, as did Defendant LaFarge ("LaFarge"), ECF No. 170. Continental filed a reply addressing both resistances. ECF No. 175. The Court heard oral argument on the motion on May 7, 2026. ECF No. 176.

Federal Rule of Civil Procedure 16 allows the Court to modify a scheduling order "only for good cause and with the judge's consent." "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), *abrogated by Rivera v. Illinois*, 556 U.S. 148 (2009)). If the Court determines the moving party

1

acted with diligence, the Court will then consider prejudice to the non-moving party. *Id*. (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). The non-moving party bears the burden of showing it would be prejudiced by the Court granting the motion to modify the scheduling order. *Beeck v. Aquaslide 'N' Dive Corp*., 562 F.2d 537, 540 (8th Cir. 1977).

The Court may exercise its sound discretion in deciding whether to grant leave to modify a scheduling order. *Popoalii*, 512 F.3d at 497 (citing *Bell v. Allstate Life Ins. Co*., 160 F.3d 452, 454 (8th Cir. 1998)). In exercising this discretion, "[c]ourts should be cautious not to elevate form over substance" because "'mindless subservience to the dictates' of [a case management] order should not overshadow the Court's fundamental obligation to achieve a just adjudication of a civil claim, especially in the absence of any prejudice to the nonmoving party." Order Granting Pl.'s Mot. Leave File, *Thornton v. Am. Interstate Ins. Co.*, No. 1:23-cv-32-RGE-WPK (S.D. Iowa Oct. 14, 2024), ECF No. 40 (quoting *In re Lutheran Brotherhood Variable Ins. Prods. Co. Sales Pracs. Litig.*, No. 99-MD-1309 (PAM), 2002 WL 31371945, at *5 (D. Minn. Oct. 7, 2002)).

Courts should grant leave to amend scheduling orders "absent a good reason for denial— such as undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Delay alone does not amount to prejudice, and in most cases, is insufficient to deny leave to amend. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Bell*, 160 F.3d at 454). Similarly, the "obvious consequences" of a delay—such as "additional legal fees, deadline extensions and possibly a continuance of the trial date"—are insufficient to deny leave to amend the scheduling order. *Thornton*, ECF No. 40 at 7.

All parties agree they need additional time to complete fact discovery due to the voluminous records produced thus far. ECF Nos. 169 at 3–5. At the hearing, the parties represented that initial document production is substantially complete and all that remains for written discovery is reviewing the documents, potential supplemental requests, and outstanding third-party subpoena responses. The parties have not conducted depositions yet but believe all discovery including depositions can be completed by December 31, 2026. [1] The Court finds and concludes good cause exists to extend the fact discovery deadline as all parties have acted with diligence and will not be prejudiced by the extension.

While the parties agree that an extension of the expert discovery deadline is also needed, they disagree about the contours of the extension. Continental argues that since fact discovery is extended six months, expert discovery also should be extended six months. *Id*. at 8–9. Linwood and LaFarge suggest the Court bifurcate expert discovery into two separate phases—one for the liability phase, followed by dispositive motions and trial on common law claims and CERCLA liability, then a second expert discovery phase regarding CERCLA allocation, followed by a second dispositive motion deadline and trial regarding CERCLA allocation. *Id*. at 9. Continental resists such an approach, arguing the case is not so complicated, nor does it involve a multitude of parties, to warrant a bifurcated expert discovery approach, especially when fact discovery is not bifurcated and the experts primarily will be drawing upon the same evidentiary record in determining both liability and allocation. *Id*. at 10–17. Continental argues it will be prejudiced by an indefinite extension of the allocation expert disclosure and trial stages. *Id*.

---

[1] Linwood raised a potential concern over the completion of fact discovery by December 31, 2026: the Iowa Department of Natural Resources ("IDNR") investigation scheduled for completion in September 2026, as the parties have no real sense of the expected timeline on findings, the extent the findings will impact the case and what, if any, supplemental discovery would need to be completed after the findings are issued. ECF No. 171 at 4–5.

All parties agree that the experts for liability and allocation will be different individuals. The parties also agree with the general need to bifurcate trial, as the common law claims will be tried to a jury, but both CERCLA liability and allocation will be determined by the Court. Allocation under CERCLA cannot be determined until the Court issues a ruling on liability. The parties propose bifurcating trial, with the first being a jury trial on all common law claims, plus an advisory jury on the CERCLA liability, and the second, a bench trial on allocation only.

Even though the case does not involve hundreds of parties, as some CERCLA cases do, allowing the allocation experts to have the Court's ruling on liability will simplify the issues and assist the Court. The allocation experts could create alternative reports hypothesizing on what the landscape of the case looks like after liability, but there are countless iterations of not just what parties may be found liable, but on what theories of liability will prevail. Allowing the experts the benefit of knowing what parties are liable under what theories of liability will streamline the expert report process. Because allocation under CERCLA cannot be decided until liability is determined, and both determinations are to be made by the Court, even if the jury issues an advisory verdict, there will inevitably be a gap of time between the trials.

In contrast to the potential benefits of such a bifurcated case management approach, the prejudice Continental alleges can be ameliorated. Delay alone is insufficient to forego a modified bifurcated approach. Additionally, there are case management options to ensure the case continues progressing, in an efficient manner. Accordingly, the Court will allow the parties to conduct limited, allocation-related expert discovery following the Court's ruling on CERCLA liability before proceeding to a bench trial on allocation.

The Court **grants in part** the motion to amend scheduling order as follows:

- The discovery deadline is reset to **December 31, 2026. All discovery shall be completed by this date with the exception that** after this deadline, the parties may

move the Court for limited additional discovery related only to the IDNR investigation if necessary.

- Expert discovery shall be completed by November 12, 2027, with two exceptions—1) Allocation experts need not disclose final reports, and 2) Depositions of allocation experts need not be completed in this timeframe. The Court expects that the parties will not wait until the close of the fact discovery period to begin to filter review materials to their experts and that counsel shall promptly advise the experts of the expert deadlines. Expert discovery shall be sequenced in the following manner:

  o Continental shall designate expert witnesses and disclose their written reports by **March 1, 2027**.
  o Linwood and Lafarge shall designate responsive expert witnesses, as well as expert witnesses for all claims and defenses against each other for which they have the burden of proof and disclose their written reports by May 7**, 2027**.
  o Continental shall designate rebuttal expert witnesses and disclose their written reports by June 30**, 2027**.
  o Linwood and LaFarge shall designate responsive expert witnesses and disclose their written reports for the claims against each other by July 16**, 2027**.
  o Linwood and LaFarge shall designate rebuttal expert witnesses and disclose their written reports for all claims against each other by September 13**, 2027**.
  o All depositions of experts shall be completed by November 12**, 2027**.

- Dispositive motions, regarding all claims besides CERCLA allocation shall be filed by no later than January 17**, 2028**.

- The Court will set additional status conferences in this case by separate order. The parties should be prepared at the next status conference to set a jury trial for all common law claims and CERCLA liability, to begin as early as  July **1, 2028**. Final pretrial conference and trial on the liability phase will be set by separate order.

- Within **75 days** of the issuance of the Court's order on the merits of the CERCLA liability issues (whether through an order granting summary judgment or a dispositive order and verdict after the liability trial), the parties shall each disclose initial allocations expert reports.

- Any rebuttal expert witness disclosures must be made within **30 days** following initial allocation expert disclosures.

- The Court will not set a second dispositive motion deadline for the limited issue of CERCLA allocation at this time.  Because the CERCLA allocation issue is to be decided by the Court, the Court is not convinced that dispositive motions on the allocation issue will lead to the speedy and efficient resolution of allocation versus proceeding to a bench trial.  Within no later than 10 days of the disclosure of the initial allocation expert reports, a party may file a motion to file an allocation dispositive

motion and shall set forth good cause as to why summary judgment motions would be more efficient than proceeding with the bench trial on allocation.

- The Court will not set a bench trial for CERCLA allocation at this time, but will monitor the case progression and set such a trial when a realistic date can be chosen.

IT IS SO ORDERED.

Dated May 23, 2026.

Helen C. Adams
U.S. Magistrate Judge