**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| CONTINENTAL CEMENT COMPANY, L.L.C., | Case No. 3:24-CV-00015-RGE-HCA |
| Plaintiff, | |
| v. | |
| LINWOOD MINING AND MINERALS CORP., CARMEUSE MIDWEST, LLC, AMSCO, INC., and LAFARGE NORTH AMERICA INC., | **JUNE 16, 2026** **JOINT STATUS REPORT** |
| Defendants. | |

Pursuant to the Court's Order dated June 2, 2026 (ECF No. 178), Plaintiff Continental Cement Company, L.L.C. ("Plaintiff"), Defendants Linwood Mining and Minerals Corp. ("Linwood"), Carmeuse Midwest, LLC ("Carmeuse"), and AMSCO, Inc. ("AMSCO") (together, the "Linwood Defendants"), and Defendant Lafarge North America Inc. ("Lafarge") (collectively, the "Parties") submit the following Joint Status Report.

I. **Status of Case**

a. **Fact Discovery**

Written discovery and document production continue to move forward. Plaintiff is working on a supplemental document production to be provided by June 30, 2026. Plaintiff and Lafarge are also preparing follow up written discovery requests. The Parties have agreed to exchange privilege logs by July 17, 2026.

In addition, non-parties Terracon, GHD, Stantec, and Shive-Hattery have produced documents in response to Lafarge's and Continental's subpoenas duces tecum (ECF Nos. 160-165). The documents have been, and continue to be, provided to all Parties. Lafarge is currently engaged in "meet and confer" discussions with non-party Blackstone Environmental, Inc. ("Blackstone") regarding Blackstone's production of documents in response to Lafarge's subpoena duces tecum.

To date, the Parties have successfully met and conferred to resolve any discovery disputes.

## II.    Issues to Discuss with the Court

In its Order Granting in Part Plaintiff's Motion to Amend the Scheduling Order, the Court advised the Parties they should be prepared to set a jury trial for all common law claims and CERCLA liability during the Status Conference on Thursday, June 18, 2026 (ECF No. 177 at 5). In preparation for that discussion, the Parties met and conferred to discuss how the first trial should proceed given some of the claims will be tried to a jury and some will be bench tried, and the fact that all Parties are not similarly situated with regard to jury/non-jury claims. The Parties identified several issues to discuss with the Court.

### a.    Claims to be Jury Tried versus Bench Tried

After meeting and conferring, the Parties believe the breakdown between jury-tried and bench-tried claims is as follows.

**Claims to be Tried to a Jury**

- Continental's Trespass, Nuisance, Negligence, and Negligence Per Se claims against Linwood, Carmeuse, and AMSCO (Doc. 97, Second Am. Compl., Counts V-VI, VIII-IX).

- Continental's Breach of Contract claim against Linwood (*Id*. at Count X).

**Claims to be Bench Tried**

- CERCLA liability of all Parties (Doc. 97, Counts I-II); Doc. 107 (Linwood's Counterclaim), Doc. 108 (Carmeuse's Counterclaim), Doc. 109 (AMSCO's Counterclaim), Doc. 156 (Lafarge's Counterclaim I)); Doc. 37 (Third-Party Complaint); Doc. No. 47 (Lafarge's Counterclaim); Doc. No. 64 (Fourth-Party Complaint); and Doc. No. 74 (AMSCO's Counterclaim).

- Continental's claim for Injunctive Relief against Linwood, Carmeuse, and AMSCO (Doc. 97, Count VII).

- The Breach of Contract and related Declaratory Judgment claims between Continental and Lafarge under the 2015 Asset Purchase Agreement (*Id*. at Count XI-XII; Doc. 156 (Lafarge's Counterclaims III-IV).

### b. Issues to Discuss with the Court about the Phase 1 Trial

With respect to the Phase 1 trial, the Parties would like to discuss the following issues during the upcoming Status Conference:

- The Court's Order states that "[t]he parties propose bifurcating trial, with the first being a jury trial on all common law claims, plus an advisory jury on the CERCLA liability, and the second, a bench trial on allocation only." (ECF No. 177 at 4). To the extent the Parties claims need to be tried, the Parties agree that two trials are required, one on liability and one on allocation, but the Parties are still considering how an advisory jury would be used, and the effect any findings and/or verdicts from a regular jury may have on the remaining non-jury claims. Currently, the Parties have the following questions with regard to the procedural and substantive role of a jury:

- o Does the Court envision a single presentation of evidence to one jury — acting in both its binding and advisory capacities — followed by the Court's independent post-verdict written ruling on CERCLA liability?

- o Would Lafarge be expected to present evidence to the jury even though Lafarge is not subject to any claims that can be tried by a jury?

- o Would the advisory jury have any role with respect to Continental's Injunctive Relief claim against the Linwood Defendants or the Breach of Contract and related Declaratory Judgment claims between Continental and Lafarge?

- o Does the Court anticipate using special verdict forms under Rule 49(a) or a general verdict form with special interrogatories under Rule 49(b)?

- o Which parties would be allowed to assert Rule 49 objections before the jury is discharged, and which parties have rights of appeal with regard to jury findings?

- o How will the Court make sure that the jury's findings on fault-based common law claims do not operate as collateral estoppel, or otherwise bind the Court's independent consideration of the contract claims between Continental and Lafarge and the Court's CERCLA liability analysis?

- o If the Court is limited in its ability to make factual findings contrary to a jury verdict, how will the Court exercise its authority to make independent factual findings with regard to non-jury claims?

- o Does the Court contemplate that, after the jury renders its verdicts, the Parties will present CERCLA-specific evidence (for example documentation of response costs not already in evidence) or other evidence that does not need to be heard by the jury but is needed to decide the equitable claims?

Dated: June 16, 2026

**FOR PLAINTIFF:**

*/s/ Sarah L. Struby*

Stephen E. Schemenauer IA# AT0014404
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
steve.schemenauer@stinson.com

Sarah L. Struby, admitted *pro hac vice*
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
Telephone: (573) 636-6263
Fax: (573) 636-6231
sarah.struby@stinson.com

Betsy C. Moedritzer, admitted *pro hac vice*
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 412-9307
betsy.moedritzer@stinson.com

**FOR THE LINWOOD DEFENDANTS:**

*/s/ Nicholas F. Miller*

Matthew S. Brick (AT0001081)
Erin M. Clanton (AT0002592)
Nicholas F. Miller (AT0015361)
BRICK GENTRY, P.C.
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
Phone: 515-446-3441
Fax: 515-274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

**FOR LAFARGE:**

*/s/ Paula Jantzen*

Matthew M. Enenbach, AT0012613
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102-2103
Phone: (402) 346-6000
Facsimile: (402) 346-1148
Matthew.Enenbach@KutakRock.com

Marcus P. Zelzer, AT0014571
Kutak Rock LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4018
Phone: (612) 334-5000
Facsimile: (612) 334-5050
Marcus.Zelzer@KutakRock.com

Paula Jantzen, admitted *pro hac vice*
Stephen Jantzen, admitted *pro hac vice*
Laura Finley, admitted *pro hac vice*
Grant Lucky, admitted *pro hac vice*
Ryan Whaley PLLC
400 N. Walnut Avenue
Oklahoma City, OK  73104
Phone: (405) 239-6040
Facsimile: (405) 239-6766

pjantzen@ryanwhaley.com
sjantzen@ryanwhaley.com
lfinley@ryanwhaley.com
glucky@ryanwhaley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2026, a true and correct copy of the foregoing was filed electronically to the Clerk of Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Sarah L. Struby*
Sarah L. Struby